IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| TRACY ANTHONY MILLER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 119-004 |
| ) | |
| EDWARD PHILBIN, Warden, ) | |
| ) | |
| Respondent. ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner Tracy Anthony Miller brings the above-styled petition for a writ of habeas corpus against Edward Philbin, Warden of Augusta State Medical Prison. Although Petitioner suggests that his claims are brought pursuant to 28 U.S.C. § 2241, the petition is actually a request for relief pursuant to 28 U.S.C. § 2254. As this is at least Petitioner's sixth petition for relief under § 2254 and was filed without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals, the Court **REPORTS** and **RECOMMENDS** Petitioner's motion to supplement his § 2241 petition, motion for appointment of counsel, motion for immediate release, and motion for release be **DENIED AS MOOT**, (doc. nos. 3, 4, 6, 7), the petition be **DISMISSED**, and this civil action be **CLOSED**.

**I.    BACKGROUND**

This is not the first time Petitioner has requested habeas corpus relief in federal court. He filed his first petition for habeas corpus relief in 1996. Miller v. Sikes, CV 196-195 (S.D.

Ga. Nov. 21, 1996) ("CV 196-195"). That petition was denied by Order of the Honorable William T. Moore, Jr., United States District Judge, on November 6, 1998. Id., doc. no. 111. Both Judge Moore and the Eleventh Circuit Court of Appeals refused to issue a Certificate of Appealability, id., doc. nos. 128, 141, thereby concluding Petitioner's habeas proceedings. Undeterred, Petitioner continued to file papers in CV 196-195 until this Court entered an Order on January 9, 2003, directing the Clerk of Court not to accept any further filings from Petitioner bearing the Civil Action Number 196-195. Id., doc. no. 145. On July 16, 2018, Petitioner filed a notice of appeal regarding the January 9, 2003 Order, id., doc. no. 146, which the Eleventh Circuit dismissed for lack of jurisdiction on November 5, 2018, id., doc. no. 154.

Petitioner also proceeded to file several other habeas petitions challenging the same convictions, which were dismissed as second or successive. See Miller v. Hall, CV 101-119, doc. no. 9, *adopting* doc. no. 3 (S.D. Ga. Oct. 2, 2001) ("CV 101-119"); Miller v. All Georgia Judges, CV 104-082, doc. no. 21, *adopting* doc. no. 10 (S.D. Ga. July 21, 2004) ("CV 104-082"); Miller v. Chase, CV 105-093, doc. no. 6, *adopting* doc. no. 1 (S.D. Ga. Aug. 11, 2005) ("CV 105-093"); Miller v. Walker, CV 109-131, doc. no. 7, *adopting* doc. no. 3 (S.D. Ga. Dec. 28, 2009) ("CV 109-131"). Notably, after the Honorable Dudley H. Bowen, Jr., United States District Judge, dismissed the § 2254 petition filed in CV 101-119 as second or successive, Petitioner filed his habeas petitions in CV 104-082, CV 105-093, and CV 109-131 pursuant to § 2241 in an attempt to circumvent the gatekeeping provision of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214, that bans petitioners from filing second or successive petitions for habeas

corpus relief in the district courts. See 28 U.S.C. § 2244(b)(3)(A). However, because Petitioner was actually requesting relief pursuant to § 2254, rather than § 2241, the Court treated the petitions filed in CV 104-082, CV 105-083, and CV 109-131 as ones filed pursuant to § 2254, and as noted above, they were accordingly dismissed as second or successive.

Now, Petitioner is back before the Court, ostensibly seeking relief pursuant to 28 U.S.C. § 2241. In keeping with past practice, his petition, brief in support, and supplemental filings constitute a rambling, virtually incoherent "stream of consciousness" narrative challenging the state court proceedings in Burke County that led to his conviction for murder.

## II.     DISCUSSION

### A.     Nature of Petition

The label placed on the petition by Petitioner does not prevent the Court from considering the filing for what the substance shows it to be, namely a request for relief pursuant to 28 U.S.C. § 2254. Indeed, the Court may look beyond the title of a document to properly analyze its substance. See, e.g., Spivey v. State Bd. of Pardons and Paroles, 279 F.3d 1301, 1302 n.1 (11th Cir. 2002) (*per curiam*) (looking past "artfully" labeled filing to apply limit on second or successive habeas petitions); Gilreath v. State Bd. of Pardons and Paroles, 273 F.3d 932, 933 (11th Cir. 2001) (*per curiam*) ("We look at the kind of relief Appellant seeks from the federal courts and conclude that, however the Appellant described it [motion for stay of execution], the motion was for habeas corpus relief.").

An examination of the instant petition shows that it is a request for the type of relief afforded by 28 U.S.C. § 2254. According to the relevant provisions of § 2254:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). Here, there is no question that Petitioner is "in custody pursuant to the judgment of a State Court." Nor is there any question that he is attempting to attack the underlying basis of his convictions that led to his current incarceration.

As he has done before, Petitioner is once again clearly attempting to circumvent the gatekeeping provision of AEDPA that bans petitioners from filing second or successive petitions for habeas corpus relief in the district courts. See 28 U.S.C. § 2244(b)(3)(A). The Eleventh Circuit has addressed this practice of state prisoners attempting to use § 2241 to circumvent the more restrictive requirements of § 2254:

> In summary, a state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus. All applications for writs of habeas corpus are governed by § 2241, which generally authorizes federal courts to grant the writ—to both federal and state prisoners. Most state prisoners' applications for writs of habeas corpus are subject also to the additional restrictions of § 2254. That is, if a state prisoner is "in custody pursuant to the judgment of a State court," his petition is subject to § 2254. If, however, a prisoner is in prison pursuant to something other than a judgment of a state court, e.g., a pre-trial bond order, then his petition is not subject to § 2254.

Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003); see also Cook v. New York State Div. of Parole, 321 F.3d 274, 277 (2d Cir. 2003) (recognizing merely invoking § 2241 in title of document does not "require the district court to treat it as a section 2241 petition. On the

4

contrary, if an application that should be brought under 28 U.S.C. § 2254 is mislabeled as a petition under section 2241, the district court must treat it as a section 2254 application instead." (citation omitted)).

Petitioner briefly alludes to the savings clause as a basis for allowing him to bring his petition under § 2241. (Doc. no. 1, p. 1.) Under limited circumstances, a provision of 28 U.S.C. § 2255 known as the "saving clause" permits a federal prisoner to challenge the legality of his detention in a § 2241 petition when the "remedy by motion is inadequate or ineffective to test the legality of [a petitioner's] detention." See § 2255(e). However, the savings clause only applies to collateral attacks brought under § 2255, not under § 2254. McCarthan v. Director of Goodwill Industries-Suncoast, Inc., 851 F.3d 1076, 1095 (11th Cir. 2017); Gilbert v. United States, 640 F.3d 1293, 1317 (11th Cir. 2011.) Thus, the savings clause does not allow Petitioner to circumvent the requirements of § 2254 and bring a second or successive § 2254 petition without prior authorization by the Eleventh Circuit.

Accordingly, the Court will treat Petitioner's instant application for habeas corpus relief as one filed pursuant to § 2254 and reviews it pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

### B. Judicial Notice of the Court's Documents

This Court has the authority to take judicial notice of its own documents. United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir.1987) ("A court may take judicial notice of its own records and the records of inferior courts."). Within this Court's records is the prior application by Petitioner for a writ of habeas corpus that was denied by Judge Moore on the merits. See CV 196-195, doc. no. 111. Also within this Court's records are Petitioner's

subsequent § 2254 petitions that were dismissed as second or successive. See CV 101-119, doc. no. 9; CV 104-082, doc. no. 21; CV 105-093, doc. no. 5; CV 109-131, doc. no. 7.

### C. Second and Successive Applications for a Writ of Habeas Corpus

The relevant portion of 28 U.S.C. § 2244(b)(3)(A), as amended by the AEDPA, states, "Before a second or successive [habeas corpus] application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, § 2254 petitioners must "obtain[] authorization in the court of appeals before filing a second or successive [habeas corpus] application . . . ." Guenther v. Holt, 173 F.3d 1328, 1332 (11th Cir. 1999). Without this authorization, the district court correctly dismisses second and successive habeas corpus applications. In re Medina, 109 F.3d 1556, 1564 (11th Cir. 1997), *overruled on other grounds by* Stewart v. Martinez-Villareal, 523 U.S. 637 (1998).

Petitioner does not state that he has either sought or been granted permission to file a second or successive § 2254 petition in this Court. Without such authorization, this Court cannot consider Petitioner's claims. See United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (explaining AEDPA's restrictions on second or successive petitions and concluding "[w]ithout authorization, the district court lacks jurisdiction to consider a second or successive petition"); see also In re Medina, 109 F.3d at 1564 (affirming dismissal of claims as successive because petitioner did not first file application with Eleventh Circuit).

Petitioner argues his petition should not be treated a second or successive, because the Court improperly recharacterized his 1996 petition as a § 2254. (Doc. no. 1, pp. 9-10.) In Castro v. United States, 540 U.S. 375 (2003), the Supreme Court held when a district court

6

recharacterizes a *pro se* litigant's pleading as a request for habeas relief under § 2255, the court must: (1) notify the litigant it intends to recharacterize the pleading; (2) warn the litigant any subsequent § 2255 motion will be subject to the second or successive restriction; and (3) allow the litigant an opportunity to withdraw or amend the motion to contain all § 2255 claims he believes he has. Id. at 383. The Eleventh Circuit has held Castro applies in the § 2254 context to pleadings filed before Castro was decided. Ponton v. Sec'y, Fla. Dep't of Corr., 891 F.3d 950, 952-54 (11th Cir. 2018).

However, Petitioner's present petition cannot be treated as his first § 2254 under Castro because there is no indication the Court recharacterized Petitioner's 1996 petition. First, Petitioner filed his 1996 petition on a federal form clearly indicating it was to be used in applications for habeas corpus under § 2254. CV 196-195, doc. no. 2, p. 1. Second, Petitioner had already filed a petition for habeas corpus in state court, which was decided prior to his federal filing. Id. at 3-4. Third, there is no indication the Court determined it had to recharacterize the filing as a § 2254 petition. Id., doc. no. 1. Finally, Petitioner did not indicate he did not intend the petition to be a request for habeas relief pursuant to § 2254 at any time during the proceedings as to his 1996 petition, even during his July 2018 notice of appeal. Thus, Petitioner's invocation of Castro in his present petition is only another baseless attempt to circumvent the procedural rules preventing him from filing a second or successive § 2254 petition. Accordingly, because Petitioner has not been granted permission to file a second or successive § 2254 petition by the Eleventh Circuit, this Court cannot

Case 1:19-cv-00004-JRH-BKE   Document 8   Filed 01/30/19   Page 8 of 8

consider Petitioner's claims.  Holt, 417 F.3d at 1175.

### III.  CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases, the Court **REPORTS** and **RECOMMENDS** Petitioner's motion to supplement his § 2241 petition, motion for appointment of counsel, motion for immediate release, and motion for release be **DENIED AS MOOT**, (doc. nos. 3, 4, 6, 7), the petition be **DISMISSED**, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 30th day of January, 2019, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

8