IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TRACY ANTHONY MILLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 119-004 |
| | ) | |
| EDWARD PHILBIN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed.[1] (Doc. nos. 11, 12, 13, 14, 15, 16, 17, 18, 19, 20.) Petitioner does not offer any new information, evidence, or argument that warrants a deviation from the Magistrate Judge's recommendation. Petitioner attempts to invoke Federal Rule of Civil Procedure 60(b) in his objections to obtain relief for his claims and have the Court reopen his 1996 federal habeas petition. (Doc. no. 11, p. 5; doc. no. 12, pp. 22-24; doc. no. 13, p. 5; doc. no. 15, p. 1; doc. no. 16, p. 1; doc. no. 18, p. 1.) However, a petitioner cannot invoke Rule 60 to circumvent AEDPA's restrictions regarding second or successive petitions to obtain relief from a prior

---

[1] Plaintiff titled two sets of objections "Petitioner's Motion to Supplement a More Detailed Objection . . . ." and "Motion to Clarify his Innocence." (Doc. nos. 13, 20.) The Court construes Plaintiff's filing as additional objections and considers them here. Accordingly, Plaintiff's "motions" are **MOOT**. (Id.)

habeas corpus judgment or seek relief for new claims. See Gonzalez v. Crosby, 545 U.S. 524, 532 (2005); Franqui v. Florida, 638 F.3d 1368, 1371 (11th Cir. 2011). Without authorization from the Eleventh Circuit, this Court cannot consider Petitioner's habeas corpus claims. See United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (explaining AEDPA's restrictions on second or successive petitions and concluding "[w]ithout authorization, the district court lacks jurisdiction to consider a second or successive petition"); see also In re Medina, 109 F.3d at 1564 (affirming dismissal of claims as successive because the petitioner did not first file an application with the Eleventh Circuit).

Petitioner also argues the Court erred in recharacterizing his 1996 habeas petition as a motion pursuant to 28 U.S.C. § 2254 when it was actually a Rule 60(b) motion. (Doc. no. 13, p. 9.) As the Magistrate Judge explained in the R&R, there is no evidence Petitioner's 1996 petition was recharacterized and, thus, Petitioner's invocation of Castro v. United States, 540 U.S. 375 (2003), is meritless.

Accordingly, the Court **OVERRULES** the objections, **DENIES AS MOOT** Petitioner's motion to supplement his petition, motion for appointment of counsel, motion for immediate release, and motion for release, (doc. nos. 3, 4, 6, 7), **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, and **DISMISSES** this petition.

A prisoner seeking relief under § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court

should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[2] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith, and Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action.

SO ORDERED this 5th day of March, 2019, at Augusta, Georgia.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2]"If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.