# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

TRACY ANTHONY MILLER,    *
                         *
    Petitioner,          *
                         *
        v.               *    CV 119-004
                         *
EDWARD PHILBIN, *Warden*, *
                         *
    Respondent.          *

# O R D E R

Before the Court are Petitioner's multiple requests for leave to appeal *in forma pauperis* (Docs. 41, 42, 45), multiple motions for reconsideration (Docs. 23, 25, 27), and motion to appoint counsel and for certificate of appealability (Doc. 30). At the outset, Petitioner is not entitled to leave to appeal *in forma pauperis*. As the Court previously stated, "[B]ecause there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith, and Petitioner is not entitled to appeal *in forma pauperis*." ("March 5, 2019 Order," Doc. 21, at 3 (citing 28 U.S.C. § 1915(a)(3)) (adopting R. & R., Doc. 8).) Therefore, the Court construes Petitioner's filings as motions for reconsideration of the Court's conclusion in its March 5, 2019 Order that Petitioner is not permitted to appeal *in forma pauperis*. Petitioner fails to raise any grounds justifying reconsideration. Additionally, based upon the Court's finding of no non-frivolous

issues for appeal, the Court denies Petitioner's request for appointment of counsel to the extent Petitioner seeks such relief from this Court.

Next, Petitioner is not entitled to relief under his various motions for reconsideration. First, Petitioner's Motion to Amend (Doc. 23) is essentially a renewed habeas petition because it does not appear to seek reconsideration of the Court's March 5, 2019 Order. However, Petitioner was required to move the Eleventh Circuit for authorization before filing second or successive petitions. (R. & R., at 6; March 5, 2019 Order, at 2.) A petitioner cannot invoke Rule 60 to circumvent the Anti-Terrorism and Effective Death Penalty Act's restrictions regarding second or successive petitions to obtain relief from a prior habeas corpus judgment or seek relief for new claims. See Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005); Franqui v. Florida, 638 F.3d 1368, 1371 (11th Cir. 2011). To the extent Petitioner's Motion to Amend is a motion for reconsideration of the Court's March 5, 2019 Order, it fails for the reasons below.

Second, Petitioner's remaining motions to reconsider ask the Court to vacate and set aside its March 5, 2019 Order dismissing Petitioner's habeas petition as successive. (Docs. 25, 27.) Absent prior authorization from the Eleventh Circuit to file successive petitions, the Court lacks jurisdiction to decide motions to reconsider habeas petitions dismissed as successive.

See United States v. Saint Surin, 693 F. App'x 787, 789-90 (11th Cir. 2017) (citing Gonzalez, 545 U.S. at 532).

Finally, the Court denied Petitioner a Certificate of Appealability in its March 5, 2019 Order. (March 5, 2019 Order, at 3.) Therefore, Petitioner must seek a Certificate of Appealability directly from the Eleventh Circuit. (Id. at 3 n.2.)

Consequently, Petitioner's requests for leave to appeal *in forma pauperis* (Docs. 41, 42, 45) and motions for reconsideration (Docs. 23, 25, 27) are **DENIED**. To the extent Petitioner's motion to appoint counsel and for certificate of appealability (Doc. 30) seeks relief from this Court, it is **DENIED**. Pursuant to Federal Rule of Appellate Procedure 24(a)(4), the Clerk is **DIRECTED** to transmit this Order to the Eleventh Circuit Court of Appeals.

**ORDER ENTERED** at Augusta, Georgia, this 14th day of May, 2019.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA